The People of the State of New York ex rel. William H. Kingston, Relator, *v.* John J. McKenna and Others, Constituting the Town Board of the Town of Bombay, Franklin County, N. Y., Respondents.

Third Department, June 30, 1919.

**Town — compensation of health officer — reservation Indians not enumerated inhabitants within meaning of section 21 of Public Health Law.**

Indians residing upon a State reservation are not enumerated inhabitants of a town within the meaning of section 21 of the Public Health Law, providing that the compensation of a health officer " shall not be less than the equivalent of ten cents per annum per inhabitant of the * * * town * * * according to the latest Federal or State enumeration."

Certiorari issued out of the Supreme Court and attested on the 4th day of March, 1918, directed to John J. McKenna and others, constituting the town board of the town of Bombay, Franklin county, N. Y., commanding them to certify and return to the office of the clerk of the county of Franklin all and singular their proceedings had in auditing relator's bill at $133.70 instead of $242.30 as claimed by him.

*John W. Genaway,* for the relator.

*George J. Moore,* for the respondents.

John M. Kellogg, P. J.:

Under section 21 of the Public Health Law the relator's compensation as health officer of the town " shall not be less than the equivalent of ten cents per annum per inhabitant of the * * * town * * * according to the latest Federal or State enumeration." The latest enumeration, the State enumeration, showed, in the town of Bombay, 1,214 citizens, 123 aliens, and also showed that there were 1,086 St. Regis Indians residing upon their reservation as members of their tribe. The question, therefore, is whether the reservation Indians are enumerated inhabitants of the town within the meaning of this section of the Public Health Law.

The enumeration of the inhabitants is made under sections 140–158 of the State Law. It is made under the general charge of the Secretary of State. He appoints an enumeration supervisor for each Assembly district, and such supervisor's oath of office provides, among other things, that he will not intentionally increase, suppress or diminish the number of inhabitants enumerated by the enumerators, or in any way fraudulently or illegally alter the enumeration of the inhabitants of the district or the return or tabulation thereof. (§ 142.) He divides each Assembly district into enumeration districts, consisting of one or more election districts, and appoints an enumerator for each of such districts. The enumerator's oath of office, among other things, provides, in substance, that the list of inhabitants taken by him, and their number, shall be a true and correct list " of all the inhabitants of said election district or block," and that he will correctly state which of the inhabitants are aliens. (§ 149.) Section 152, entitled "Enumeration of Indians," provides that the Secretary of State shall appoint suitable persons to enumerate the Indians on the several reservations of the State. Clearly the reservation Indians are not to be listed by the enumerators who have sworn that they will enumerate all the inhabitants of the enumeration district. These provisions lend color to the contention that the statutes do not consider reservation Indians inhabitants of the town.

The reservation Indians are wards of the Federal government, which has exclusive jurisdiction over them and, in a way, the tribe is considered as an independent sovereignty or governmental body. (*People ex rel. Cusick* v. *Daly*, 212 N. Y. 183.) Where the State laws do not come in conflict with the Federal statutes, the State assumes the wardship over the reservation Indians. The law of the tribe is the law of the reservation, regulating the rights and duties of the members towards each other except where the statutes of the Federal or State government otherwise provide. The Indian Law, section 114, provides that the supervisors of the county of Franklin shall appoint a competent physician to attend upon and administer to the necessities of sick and indigent Indians residing on the St. Regis reservation, and to fur-

nish them, in addition to professional services, such necessary medicine, food and attendance as he may deem proper. This special provision, covering a service substantially like that to be performed by the health officer in the town, indicates a legislative intent to treat such Indians as inhabitants of the reservation and not of the town. It is quite improbable that the Legislature intended to compel the town to pay for a service which is furnished and paid for by the county. Comparing the statutes referred to with the general laws relating to Indian reservations and their members, I think the determination under review is correct and should be confirmed, with fifty dollars costs and disbursements.

Determination unanimously confirmed, with fifty dollars costs and disbursements.